Carr, J.
The question is, whether an appeal lay from the order complained of? If not, it is unnecessary to look further.
As appeals are unknown to the common law, some statute must be shewn giving the appeal in this case, or we must decide that it does not lie. Accordingly, the counsel for the appellant relied on those sections of the chancery law, which give an appeal from the county court to the superiour court, where the debt &sc. shall be of the value of 33 dollars, and from the court of chancery to this court, where the debt &c. are of the value of 100 dollars: or. in either case. *588 “ where lands, slaves, or other specific property shall be the l u x x subject of the decree:” and he contended, that the wardship which was the subject of this decree, was comprehended by the terms specific property. 1 cannot think that such is the meaning of the statute. The claim of wardship is certainly not, in the usual acceptation of the words, a claim of specific property. In the case cited from Peters, chief justice Marshall says, “ The office of guardian is of no value, except so far as it affords a compensation for labour and services, thereafter to be earned.” It will be observed, that this phrase specific property is only used, in relation to appeals to or from the court of chancery. The statute says that this court shall have jurisdiction in appeals from the courts of law, if the matter in controversy be equal in value, exclusive of costs, to 100 dollars &tc. or be a freehold or franchise, or where such freehold or franchise, or the title or bounds of lands are drawn in question ; or in chancery cases, where lands, slaves or other specific property, shall be the subject of the decree or order. It is one of the distinctive powers of a court of equity, to decree the thing in specie, in many cases where the courts of law give damages only. Thus, if a party claims a family painting, or any other article, to which he may attach a peculiar value, the prefium affectionis, for which no damages will compensate him, equity will give him the thing itself. It seems to me, that it is in reference to this feature of equitable jurisdiction, that the law uses the phrase specific property. The collocation too, of the sentence,—lands, slaves or other specific property,—would seem to exclude the idea, that it was meant to comprehend, a claim of guardianship. This court has decided, that from the decision of the county court, in a question of apprenticeship, there is no appeal; and if that is not embraced by the terms “ specific property,” much less (I think) is a claim of wardship. If the counsel who took this position, had sat down to draw a clause giving appeals, and had meant to include this matter of guardianship, he would have couched his meaning in no such vague and *589 dubious phrase as is here used. This conclusion, which I should draw from his known precision and accuracy, is strengthened, when we turn to the 30th section of the circuit superiour court law of 1831, Supp. to Rev. Code, ch. 109. p. 145. where, speaking of appeals, we find these words: “ Appeals shall be demandable as of right,—from sentences or orders of the said inferiour courts, in controversies concerning the probat of wills and letters of administration, and concerning the appointing, displacing and controlling, the guardians of infants, and committees of persons of insane mind.” This court, then, has no jurisdiction of the case; and the appeal must be dismissed.
The other judges concurring, appeal dismissed.